UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS SOLANO LOPEZ (A No. 243 071 665),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY ICE DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-7965 DAD CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE) at the California City ICE Detention Facility proceeds with petition for a writ of habeas corpus pursuant to 28 U.S.C. § 224 challenging that detention.[1] For the reasons which follow, the court recommends that the petition be GRANTED.

I. Background

Petitioner is a native and citizen of Nicaragua. ECF No. 8 at 3. He entered the United States on or around October 20, 2022, near Hidalgo, Texas. ECF No. 1 at 2; 8 at 5. He was

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

briefly detained, released into the United States and ordered to appear at an ICE office within 60 days. ECF No. 8 at 5. On December 12, 2022, petitioner reported to an ICE office in Los Angeles. ECF No. 8 at 5. He was charged with being inadmissible under 8 U.S.C. § § 1182(a)(6)(A)(i) and1182(a)(7)(A)(i)(I), released on his own recognizance, and ordered to appear for immigration proceedings on September 26, 2023. ECF No. 8 at 10-13.

On August 23, 2025, petitioner was arrested near Los Angeles for misdemeanor driving under the influence. ECF No. 8 at 19. No charges were ever filed. Id. at 19-20.[2]

On June 14, 2026, petitioner was arrested near Los Angeles for misdemeanor driving under the influence. ECF No. 8 at 20. There is no evidence charges have been filed.

On June 27, 2026, petitioner was detained by ICE officers in front of his residence in Los Angeles. ECF No. 8 at 3-4; 1 at 5. There is no evidence indicating petitioner was ever informed why he was arrested and no hearing has been provided to petitioner as to whether his arrest and continued detention are lawful.

On-line Executive Office of Immigration Review records reveal that petitioner's next hearing concerning his immigration status is scheduled for October 29, 2026.

II. Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S.

[2] Petitioner's RAP sheet indicates "ARREST RELIEF GRANTED" on September 3, 2026, ECF No. 8 at 20, releasing petitioner "from any penalties and disabilities resulting from the arrest" pursuant to Cal. Penal Code § 851.93.

289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III. Analysis

As indicated above, prior to ICE arrest, petitioner was released into the United States by ICE premised upon either an explicit or implicit finding that petitioner was not dangerous or a flight risk. While on release petitioner was arrested on two occasions but never charged with a crime. There is no suggestion that petitioner did not otherwise comply with his conditions of release and he is not subject to an order of removal.

Considering these factors, and consistent with H.S. v. Warden, Golden State Annex Detention Facility, 1:25-cv-1924 CKD P, 2026 WL 445312 (E.D. Cal. Feb. 17, 2026); Esteban-Escalante v. Warden, Mesa Verde ICE Processing Center, 1:26-cv-0096 DC CKD P, 2026 WL 392393 (E.D. Cal. Feb. 12, 2026); Rebolledo v. Chestnut, 1:25-cv-1904 CKD P, 2026 WL 218809 (E.D. Cal. Jan. 28, 2026) and Martinez v. Chestnut, 1:25-cv-1826 TLN CKD P, 2026 WL 121221 (E.D. Cal. Jan. 16, 2026) the court finds petitioner's Fifth Amendment right to due process[3] was violated as a result of respondents' failure to provide petitioner a custody redetermination hearing either before or contemporaneous with ICE detention. See Padilla v. ICE, No. 24-2801, 2026 WL 2822044 (9th Cir. Sep. 21, 2026). The appropriate remedy is release from ICE custody. E.g. Villatora v. Warden, No. 1:26-cv-5411 DC CKD P, 2026 WL 2428059 (E.D. Cal. Aug. 19, 2026).

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. Petitioner be ordered RELEASED from ICE custody.
3. The court order the following conditions of release:
   A. Respondents return all of petitioner's documents and possessions.
   B. Respondents not impose any additional restrictions on petitioner unless such

[3] The Ninth Circuit recently clarified that except for persons covered by the "entry fiction," e.g. persons arriving from international locations at a United States airport without authorization to enter, every person in the United States is entitled to the Fifth Amendment's guarantee of due process. Padilla v. ICE, No. 24-2801, 2026 WL 2822044 (9th Cir. Sep. 21, 2026)

restrictions are deemed necessary at a future pre-deprivation hearing.

C. Within 3 days of the order for release, respondents file a notice certifying compliance.

D. If the government seeks to re-detain petitioner, it must provide no less than 7 days of notice to petitioner and provide petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his re-detention is warranted.

E. These recommendations do not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **SEVEN** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within **SEVEN** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 27, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
lope7965.imm.frs